IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**BILL ELLIS,**

                      Petitioner,

      v.                            CASE NO. 05-3391-RDR

**DUKE TERRELL, et al.,**

                      Respondents.

**MEMORANDUM AND ORDER**

     This petition for writ of habeas corpus, 28 U.S.C. 2241, was filed upon payment of the filing fee by an inmate of the Federal Prison Camp, Leavenworth, Kansas. Once petitioner demonstrated exhaustion of administrative remedies, an Order to Show Cause issued to respondents. Respondents filed an Answer and Return. Petitioner has not filed a Traverse. Having considered all materials filed, the court finds as follows.

**CLAIMS**

     Mr. Ellis challenges the Bureau of Prisons (BOP) determination that he is ineligible for a sentence reduction under 18 U.S.C. 3621(e)(2)(B), "a statutory provision allowing the BOP to reduce a nonviolent offender's sentence by as much as one year for successful completion of a substance abuse program." See Taylor v. United States Bureau of Prisons, 172 F.3d 879 at *1 (10th Cir., Feb. 22, 1999, unpublished)[1]. Petitioner asserts the BOP's denial of early release eligibility based upon his specific offense violates the

---

[1]     A copy of this unpublished opinion is attached in accordance with Tenth Circuit rules.

plain meaning of the statute because his crime is not a "violent offense," as well as the equal protection clause.  He argues the courts and not the BOP are to determine which offenses are violent and non-violent under the Sentencing Guidelines.  Petitioner seeks a remand to the BOP with instructions to release him from custody.

**FACTS, BACKGROUND, AND PROCEDURAL HISTORY**

In 1994 Congress passed legislation directing the BOP to make appropriate substance abuse treatment programs available to federal inmates.  To encourage participation, the statute provided:

> The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.

18 U.S.C. § 3621(e)(2)(B).

In 1995, to implement this statute, the BOP promulgated regulations and a program statement purporting to interpret the statutory language to define many crimes as "violent offenses," which spawned numerous court challenges and conflicting case law in various federal appellate courts.

Presumably in response, the BOP published on October 9, 1997, a new version of its early release regulation, often referred to as the "interim rule," which provided in relevant part:

> (1) As an exercise of the discretion vested in the Director of the Federal Bureau of Prisons, the following categories of inmates are not eligible for early release . . .
> (vi) Inmates whose current offense is a felony . . .
> (B) That involved the carrying, possession, or use of a firearm. . . .

28 C.F.R. § 550.58(a)(1)(vi)(B)(1997).  A few days earlier the BOP had issued a new Program Statement, PS 5162.04, regarding categorization of offenses for purposes of determining inmate eligibility for certain program benefits.  Section 7 of the Program Statement is entitled "OFFENSES THAT AT THE DIRECTOR'S DISCRETION SHALL PRECLUDE AN INMATE'S RECEIVING CERTAIN BUREAU PROGRAM BENEFITS," and specifically provides that "[a]ll offenses under 18 U.S.C. § 922(g) shall preclude an inmate from receiving certain Bureau program benefits."  PS 5162.04 § 7(e); see Brown v. Scibana, 86 F.Supp.2d 702 (E.D.Mich. 2000); Gunderson v. Hood, 268 F.3d 1149, 1151 (9th Cir. 2001).

As the Ninth Circuit explained in Gunderson, 268 F.3d at 1152:

the new regulation and program statement have the same effect as their predecessors . . . but achieve that effect through very different means.  The new versions' categorical exclusion of certain prisoners . . . is based on an exercise of the BOP director's discretion rather than on the BOP's statutory construction of the term "nonviolent offense."

Id.

On December 22, 2000, the 1997 interim rule became the "final agency rule," following a very lengthy notice and comment period.

In 2004, Mr. Ellis was sentenced in the United States District Court for the Eastern District of Missouri for Unlawful User of a Controlled Substance in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(3).  His offense was committed in February, 2003.

In December, 2004, Ellis was interviewed by staff of the Drug Abuse Treatment Program (RDAP) and determined to be eligible for the RDAP program.  Ellis was informed that although he could participate

3

in the RDAP, he was ineligible for the one-year sentence reduction under Section 3621(e) because "based upon 5162.04, all offenses under 18 USC 922(g) shall preclude an inmate from receiving 3621(e) early release consideration." Memorandum in Support (Doc. 2), Attachs. 5,10. Ellis has submitted a certificate indicating he has successfully completed the drug treatment program.

Respondents allege that petitioner's request for early release under Section 3621(b) was determined under the 1997 regulations. The court is not entirely convinced, since petitioner did not even commit his offense until 2003, years after the 2000 final version of the regulation became effective. However, the substance of the 1997 and the 2000 versions of the regulation and PS 5162.04 governing early release are the same. It thus suffices to find that petitioner was denied release under either the 1997 versions or the 2000 final versions of the regulation and program statement, and not the 1995 original versions.

### DISCUSSION

At the outset, the court rejects the legal authority cited by petitioner in support of his claims. Petitioner cites several cases decided outside this judicial district prior to 2001, including Downey v. Crabtree, 100 F.3d 662, 667 (9th Cir. 1996). He also cites Bohner v. Daniels, 243 F.Supp.2d 1171 (D.Ore. 2003), aff'd, Paulsen v. Daniels, 413 F.3d 999 (9th Cir. 2005); Scroger v. Booker, 39 F.Supp.2d 1296 (D.Kan. 1999) and Ward v. Booker, 202 F.3d 1249 (10th Cir. 2000). While the case of Scroger v. Booker was affirmed by

4

Ward v. Booker, the judgment in Ward was vacated by the United States Supreme Court in Booker v. Ward, 531 U.S. 1108 (2001). Thus, neither Scroger nor Ward are good law. Furthermore, the holdings of the Ninth Circuit in Downey and Bohner[2] are not controlling in this judicial district and are not at all convincing since the BOP amended its regulation and program statement in 1997, and the United States Supreme Court upheld the 1997 versions in Lopez v. Davis, 531 U.S. 230 (2001).

 Petitioner's main claim is that his conviction under 18 U.S.C. 922(g)(3) must be considered a "nonviolent offense" for purposes of sentence reduction under Section 3621(e)(2)(B). He alleges in support that firearm possession by a felon has been held to be "non-violent" crime in the Ninth Circuit, and is considered "non-violent" under the Sentencing Guidelines. Petitioner cites two decisions from the Ninth Circuit, Davis v. Crabtree, 109 F.3d 566 (9th Cir. 1997) and Downey, 100 F.3d at 662, as authority for his position. In these cases, the Ninth Circuit concluded that because they had explicitly held, "possession of a firearm by a felon is not a 'crime of violence' under § 924(c)(3)," the BOP's interpretation of possession of a firearm by a convicted felon as a crime of violence under 18 U.S.C. § 3621(e)(2)(B) was contrary to the

---

[2] Petitioner does not raise the claim that the BOP's actions in his case are invalid because its regulation and program statement were not promulgated in compliance with notice and comment procedures as required by the Administrative Procedure Act, which was the basis for granting relief to the inmates in Bohner. Nor could he, since the regulation and program statement in effect when he committed his offense, and therefore presumably applied to his case, was promulgated in full compliance with APA procedures.

"well-established" law of the Ninth Circuit. Downey, 100 F.3d at 667; Davis, 109 F.3d at 569. These cases, however, are distinguishable because the Tenth Circuit has not clearly held that possession of a weapon by a felon is not a crime of violence under 18 U.S.C. § 924(c)(3). The BOP's determination that possession of a firearm by a convicted felon under § 922(g) is a crime that warrants exclusion from sentence reduction is not inconsistent with any "well-established" law in this Circuit.

This court finds the reasoning of the Tenth Circuit in Taylor on claims identical to petitioner's, to be far more persuasive:

> Mr. Taylor notes that the Program Statement contravenes the well-established case law of several courts. See (Davis, 109 F.3d at 569)(holding that the BOP exceeded its statutory authority in designating § 922(g)(1) violations as crimes of violence); Miller v. United States, 964 F.Supp. 15, 18 (D.D.C. 1997)(same). For instance, the Ninth Circuit requires the definition of violent crimes under § 3621(e)(2)(B) to comport with its holding that the possession of a firearm by a felon is a nonviolent offense for the purposes of sentencing. See Davis, 109 F.3d at 569 (discussing Downey). Disagreement between the BOP and a court outside the Tenth Circuit does not render the BOP construction unreasonable, however. See Venegas v. Henman, 126 F.3d 760, 764 (5th Cir. 1997), cert. denied, 523 U.S. 1108 (1998)(rejecting the Ninth Circuit view that the BOP exceeded its statutory authority in excluding § 922(g)(1) offenders from early release eligibility).
>
> Mr. Taylor correctly states that, under the Sentencing Guidelines, possession of a firearm by a convicted felon is not a predicate offense for the imposition of the career offender provision of USSG § 4B1.1. See USSG 4B1.2(a), cmt. (n.2) (defining "crime of violence" under § 4B1.1); Stinson v. United States, 508 U.S. 36, 47 (1993). Yet, his reliance on the definition of crimes of violence under the Sentencing Guidelines ignores the differing rationale behind § 3621. See Venegas, 126 F.3d at 763. Congress intended § 3621 to offer the possibility of early release as an incentive for inmates to receive substance abuse treatment. See H.R.Rep.

> 103-320, 103rd Cong., 1st Sess. (1993). Based on the linkage of substance abuse and criminality, the legislators believed, "the recidivism rate of substance abusers can be dramatically reduced" by residential treatment programs. Id. Thus, while the Sentencing Guidelines serve the punitive purpose of setting the prison term ex ante, § 3621 was designed to prevent recidivism once the inmate begins serving his sentence. See id. In keeping with § 3621's stated goal, it is reasonable for the BOP to determine which offenses involve "a substantial risk . . . [of] physical force against the person or property of another," 18 U.S.C. § 924(c)(3)(B), and thus which offenders would pose a threat to the public if released early. We hold that the BOP did not exceed its statutory authority in excluding § 922(g)(1) offenders from the category of nonviolent inmates eligible for a sentence reduction under § 3621(e)(2)(B).

Taylor, 179 F.3d at *2-*3.

This court also agrees with the reasoning in Taylor as to petitioner's equal protection claim:

> Nor can (Mr. Taylor) convince us that the BOP's refusal to grant him early release violates his right to equal protection, for although the Ninth Circuit has taken a different view of the BOP's authority, "[i]t is elementary that decisions of one Court of Appeals cannot bind another." Id. (quoting Castillo-Felix v. INS, 601 F.2d 459, 467 (9th Cir. 1979)).

Taylor, 172 F.3d at *3.

As this court previously reasoned in an unpublished case, it may be deduced from the variance in decisions around the country as to whether the crime of possession of a firearm by a felon constitutes a crime of violence that reasonable minds can differ on this issue. It logically follows that the BOP's interpretation is a "permissible construction of the statute." See Parsons v. Pitzer, 960 F.Supp. 191, 193 (W.D. Wisc. 1997)[3], aff'd, 149 F.3d 734 (7th

---

[3] The court in Parsons reasoned: The fact that a circuit court of appeals issues a decision on the proper interpretation of a statute does not mean that entities applying that same statute in other

7

Cir. 1998).

The overriding legal issue presented by petitioner's allegations is whether the BOP exceeded its authority in categorizing his conviction as an offense, which in the BOP director's discretion precludes eligibility for early release[4]. In January, 2001, the United States Supreme Court ruled in Lopez, 531 at 244, that 18 U.S.C. § 3621(e) grants the BOP discretion and authority to deny early release to a category of prisoners whose offense was a felony involving carrying, possession, or use of firearm. The high Court reasoned that "denial of early release to all inmates who possessed a firearm in connection with their current offense rationally reflects the view that such inmates displayed a readiness to endanger another's life." Id. at 240. Thus, it should now be quite clear that the BOP's 1997 and current regulations, and program statements implementing them, are substantively sound. See Gunderson, 268 F.3d at 1152. This court concludes that petitioner's allegations, which might be construed as a challenge to the BOP's authority to deny early release based upon his felony offense involving possession of a firearm, have no legal merit.

---

circuits must abide by the same interpretation. If that were the case, debate on important and difficult issues would be cut off after one circuit had ruled. Under the structure of our legal system, authoritative decisions of that nature are left to the United States Supreme Court. Parsons, 960 F.Supp. at 193; see also Wottlin v. Fleming, 136 F.3d 1032, 1036-37 (5th Cir. 1998); Paydon v. Hawk, 960 F.Supp. 867, 871-72 (D.N.J. 1997).

[4] Petitioner alleges some facts indicating he is dissatisfied with the advice he received from defense counsel, and his sentence. Such claims must be presented to the sentencing court by motion under 28 U.S.C. 2255.

The court also finds that the denial of Mr. Ellis' request for early release does not otherwise offend the Constitution. A prisoner generally does not have a constitutional right to the reduction of a valid sentence. See Greenholtz v. Inmates of Nebraska Penal & Correctional Complex, 442 U.S. 1, 7 (1979); Fristoe, 144 F.3d at 630. Section 3621(e)(2)(B), in particular, does not create a due process liberty interest in the one-year sentence reduction. The language of § 3621(e)(2)(B) is not mandatory; it provides only that a nonviolent offender's sentence "may be reduced by the Bureau of Prisons." See Kentucky Dept. of Corrections v. Thompson, 490 U.S. 454, 463 (1989)(liberty interest arises only where a statute or regulation uses "explicitly mandatory language" that instructs the decisionmaker to reach a specific result if certain criteria are met). Moreover, the BOP's decision to classify the petitioner's crime as excludable does not mark a "dramatic departure from the basic conditions" of petitioner's sentence. See Sandin v. Connor, 515 U.S. 472, 485-86 (1995)(liberty interest infringed upon only where the government's action creates an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" or creates a "major disruption in his environment"); see also Fristoe, 144 F.3d at 630 ("A statute which allows the decision maker to deny the requested relief within its unfettered discretion does not create a constitutionally-recognized liberty interest."); Taylor, 172 F.3d at *3; Jacks v. Crabtree, 114 F.3d 983, 986 FN 4 (9th Cir. 1997), cert. denied, 523 U.S. 1009 (1998).

"[P]rovided an agency's interpretation of its own regulations does not violate the Constitution or a federal statute, it must be given 'controlling weight unless it is plainly erroneous or inconsistent with the regulation'." Stinson, 508 U.S. at 45, *quoting* Bowles v. Seminole Rock & Sand Co., 325 U.S. 410, 414 (1945). The court finds the BOP's interpretation of 3621(e)(2)(b) in its regulation and PS 5162.04 is not shown to violate either the Constitution or a federal statute, and therefore must be given due deference. Parsons, 149 F.3d at 737. This court is presented with no valid reason to determine that the BOP exceeded its statutory authority or abused its discretion in denying Mr. Ellis' application for a 3621(e)(2)(B) sentence reduction. The court concludes no grounds for federal habeas corpus relief have been presented.

**IT IS THEREFORE ORDERED that this action is dismissed and all relief denied.**

**DATED: This 22nd day of September, 2006, at Topeka, Kansas.**

s/RICHARD D. ROGERS
United States District Judge